# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GENE SCHUCHARD | ) | CASE NO. |
| 3922 Jensen Drive, Apartment F | ) | |
| Springfield, Ohio 45503 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| DRIVEN VENTURES LLC | ) | |
| d/b/a Meineke Car Care Center #2460 | ) | **JURY DEMAND ENDORSED** |
| c/o Mark D. Smith | ) | **HEREIN** |
| Statutory Agent | ) | |
| 7650 Rivers Edge Drive, Suite 101 | ) | |
| Columbus OH 43235 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff, Gene Schuchard, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES AND VENUE

1. Gene Schuchard was a resident of the village of North Lewisburg, county of Champaign, state of Ohio, at the time of the events that gave rise to his claims. He is currently a resident of Springfield, county of Clark, state of Ohio.

2. Driven Ventures LLC is a domestic limited liability company with its principal place of business at 925 Delaware Avenue, Marysville, Union County, Ohio 43040.

3. Driven Ventures did business as Meineke Car Care Center #2460 ("Meineke").

4. Meineke is and, at all times hereinafter mentioned, was an employer within the meaning of R.C. § 4112.02.

5. Meineke is and, at all times hereinafter mentioned, was an employer within the meaning of 42 U.S.C. § 12101 *et seq.*

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Schuchard is alleging federal law claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

7. All material events alleged in this Complaint occurred in Union County, Ohio.

8. This Court has supplemental jurisdiction over Schuchard's state law claims pursuant to 28 U.S.C. § 1367 because Schuchard's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. Within 300 days of the conduct alleged below, Schuchard filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01981, against Meineke ("Schuchard EEOC Charge").

11. On or about December 16, 2020, the EEOC issued and mailed a Notice of Right to Sue letter regarding the Charges of Discrimination brought by Schuchard against Meineke in the Meineke EEOC Charge.

12. Schuchard received his Right to Sue letter from the EEOC on or about December 19, 2020, in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

13. Schuchard has filed this Complaint within 90 days of receipt of the Notice of Right to Sue letter.

14. Schuchard has properly exhausted his administrative remedies, pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

15. Schuchard is a former employee of Meineke.

16. Schuchard began working for Meineke on or around September 25, 2019.

17. Meineke provides a number of automotive diagnostic, maintenance, and repair services.

18. The services offered by Meineke include, among other things, oil changes, air conditioning repair, battery replacement, tire replacement, diagnostic services, brake repair and replacement, and exhaust repair and replacement.

19. Schuchard worked for Meineke as a general service technician.

20. As a general service technician, Schuchard performed a variety of the above-mentioned diagnostic, maintenance, and repair services.

21. On or around December 18, 2019, Schuchard began experiencing severe abdominal pain during his shift.

22. Schuchard informed Julie Ferguson, his supervisor, that he was in severe pain.

23. Schuchard told Ferguson that he was unable to continue his shift because of his pain.

24. Schuchard asked Ferguson if he could leave his shift early because his pain was so severe.

25. Schuchard was required to work another hour before he was permitted to leave.

26. Upon leaving work, Schuchard went to a local Urgent Care clinic.

27. Schuchard was diagnosed with a perforated peptic ulcer in his bowels.

28. Schuchard underwent surgery to fix the perforated peptic ulcer.

29. Schuchard's doctor cleared him to return to work, post-surgery, on January 2, 2020, but with lifting restrictions.

30. Schuchard's doctor restricted him from lifting anything over ten pounds until January 29, 2020.

31. Schuchard was able to perform oil changes and other vehicle maintenance regularly performed at Meineke that did not require lifting anything over ten pounds.

32. Schuchard was unable to change tires, due to their weight.

33. Schuchard communicated these restrictions to Meineke on January 4, 2020.

34. Schuchard requested a reasonable accommodation for his disability.

35. Meineke failed to engage in an interactive process of determining whether Schuchard required a reasonable accommodation.

36. Instead of engaging in an interactive process of determining whether Schuchard required a reasonable accommodation, Meineke terminated his employment on or about the same day he communicated his restrictions to Meineke.

37. Schuchard is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

38. In the alternative, Meineke perceived Schuchard as being disabled.

39. In the alternative, Meineke perceived that Schuchard's medical condition constituted a physical impairment.

40. In the alternative, Meineke perceived Schuchard's disability to substantially impair one or more of his major life activities, including working.

41. Despite this actual or perceived disabling condition, Schuchard was still able to perform the essential functions of his job.

42. On January 4, 2020, Meineke sent to Schuchard a "Termination Letter," terminating his employment effective that date.

43. In the Termination Letter, Meineke stated that Schuchard was being terminated because of his disability.

44. In the Termination Letter, Meineke stated that Schuchard "is physically unable to perform his job and we are unable to hold the position until he is healthy."

45. Meineke terminated Schuchard because of his disability.

46. Meineke willfully terminated Schuchard's employment.

47. Meineke willfully took an adverse action against Schuchard.

48. Meineke willfully took an adverse employment action against Schuchard.

49. Meineke knowingly terminated Schuchard's employment.

50. Meineke knowingly took an adverse action against Schuchard.

51. Meineke knowingly took an adverse employment action against Schuchard.

52. Meineke intentionally terminated Schuchard's employment.

53. Meineke intentionally took an adverse action against Schuchard.

54. Meineke intentionally took an adverse employment action against Schuchard.

55. As a direct and proximate result of the Meineke' conduct, Schuchard suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02 *et seq.*

56. Schuchard restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. Schuchard's ulcer and the recovery from surgery for his ulcer constituted a disability.

58. Schuchard was disabled.

59. In the alternative, Meineke perceived Schuchard as being disabled.

60. Schuchard's condition constituted a physical impairment.

61. Schuchard's condition substantially impaired one or more of his major life activities including working.

62. Meineke perceived Schuchard's condition to substantially impair one or more of his major life activities including working.

63. Meineke treated Schuchard differently than other similarly-situated employees based on his disabling condition.

64. Meineke treated Schuchard differently than other similarly-situated employees based on his perceived disabling condition.

65. On or about January 4, 2020, Meineke terminated Schuchard's employment without just cause.

66. Meineke terminated Schuchard's employment based on his disability.

67. Meineke terminated Schuchard's employment based on his perceived disability.

68. Meineke violated R.C. § 4112.02 when it terminated Schuchard based on his disability.

69. Schuchard suffered emotional distress as a result of Meineke' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

70. As a direct and proximate result of Defendant's conduct, Schuchard suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT II: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.02

71. Schuchard restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

72. Schuchard requested accommodations from Meineke to assist with his disability, including restrictions on lifting anything over ten pounds for a period of about three weeks.

73. Schuchard's requested accommodations were reasonable.

74. There was an accommodation available that would have been effective and would have not posed an undue hardship to Meineke.

75. Meineke failed to engage in the interactive process of determining whether Schuchard needed an accommodation.

76. Meineke failed to provide a reasonable accommodation.

77. Meineke violated R.C. § 4112.02 by failing to provide Schuchard a reasonable accommodation.

78. As a direct and proximate result of Meineke's conduct, Schuchard suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATON OF AMERICANS WITH DISABILITY ACT, 42 U.S.C. § 12101 *ET SEQ*.

79. Schuchard restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Meineke treated Schuchard differently than other similarly situated employees based on his disabling condition.

81. Meineke treated Schuchard differently than other similarly situated applicants based on his perceived disabling condition.

82. Meineke discriminated against Schuchard on the basis of his disability when it terminated him.

83. Meineke discriminated against Schuchard on the basis of his perceived disability when it terminated him.

84. Meineke violated the Americans with Disabilities Act when it terminated Schuchard.

85. As a direct and proximate result of Meineke's conduct, Schuchard suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER AMERICANS WITH DISABILITY ACT, 42 U.S.C. § 12101 *ET SEQ*.

86. Schuchard restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

87. Schuchard requested accommodations from Meineke to assist with his disability, including restrictions on lifting anything over ten pounds for a period of about three weeks.

88. Schuchard's requested accommodations were reasonable.

89. There was an accommodation available that would have been effective and would have not posed an undue hardship to Meineke.

90. Meineke failed to engage in the interactive process of determining whether Schuchard needed an accommodation.

91. Meineke failed to provide a reasonable accommodation.

92. Meineke violated the ADA by failing to provide Schuchard a reasonable accommodation.

93. As a direct and proximate result of Meineke's conduct, Schuchard suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Schuchard demands from Meineke the following:

(a) Issue an order requiring Meineke to restore Schuchard to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Meineke of compensatory and monetary damages to compensate Schuchard for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Meineke in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Schuchard claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Trisha M. Breedlove*_____
Trisha Breedlove (0095852)
THE SPITZ LAW FIRM, LLC
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
sean.costello@spitzlawfirm.com


*Attorney for Plaintiff Gene Schuchard*

## JURY DEMAND

Plaintiff Gene Schuchard demands a trial by jury by the maximum number of jurors permitted.

*/s/Trisha M. Breedlove*
Trisha M. Breedlove

*Attorney for Plaintiff Gene Schuchard*