IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GENE SCHUCHARD,**

    **Plaintiff,**

    vs.

**Case No. 2:21-cv-958**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Elizabeth P. Deavers**

**DRIVEN VENTURES LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's failure to comply with the Order to Show Cause dated July 2, 2021. (ECF No. 9.) For the following reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's entire action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

Plaintiff initiated this lawsuit on March 8, 2021. (ECF No. 1.) On March 22, 2021, summons was returned executed (not effectuated related to COVID 19) indicating that Defendant was served on March 17, 2021, and that its answer was due on April 7, 2021. (ECF No. 4.) No answer was filed and on April 19, 2021, the Court directed Plaintiff to show cause within fourteen days why the Court should not dismiss this case for failure to prosecute. (ECF No. 5.) Plaintiff responded to the Show Cause Order by filing an application for entry of default on May 3, 2021. (ECF No. 6.) In counsel's supporting declaration, he stated that "Plaintiff anticipates filing for default judgment within thirty (30) days of the Clerk's entry of default." (ECF No. 6-1,

at ¶ 12.)  The Clerk entered default on May 5, 2021.  (ECF No. 8.)  Noting that Plaintiff had not subsequently moved for default judgment, by Order dated July 2, 2021, this Court directed Plaintiff to move for an entry of default judgment or show cause by July 16, 2021, why the Court should not dismiss this case for failure to prosecute.  (ECF No. 9.)  This Court specifically advised Plaintiff that "failure to respond to this Show Cause Order will result in the recommendation that this case be dismissed with prejudice for failure to prosecute."  (*Id.*)  The Court's CM/ECF system reflects that Plaintiff's counsel received a copy of the Show Cause Order by electronic mail.  (*Id*.)  To date, Plaintiff has not filed a response to this Court's most recent Show Cause Order.

## II.

Under the circumstances of this case, the Undersigned recommends dismissal of Plaintiff's entire action pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 63 (6th Cir.1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir.2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the record demonstrates delay and failure to comply with a Court order. Plaintiff was specifically **ORDERED** to apply for default judgment or to **SHOW CAUSE** why the claims asserted against Defendant should not be dismissed for want of prosecution. (ECF No. 9.) Further, the Order provided adequate notice of this Court's intention to recommend dismissal for failure to prosecute and supplied Plaintiff with a reasonable period of time to comply. Plaintiff has failed to respond. Because Plaintiff has missed deadlines and disregarded a Court order, the Undersigned concludes that dismissal would protect the integrity of the pretrial process. The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action in its entirety **WITHOUT PREJUDICE** under Rule 41(b).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: July 28, 2021**                                  /s/ *Elizabeth A. Preston Deavers*
                                                                                           **ELIZABETH A. PRESTON DEAVERS**
                                                                                           **UNITED STATES MAGISTRATE JUDGE**